UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERNEST BREAUX** | * | **CIVIL ACTION NO. 19-11537** |
| **Plaintiff** | * | |
| | * | |
| **V.** | * | |
| | * | **JUDGE:** |
| **RELIANCE STANDARD LIFE** | * | |
| **INSURANCE COMPANY** | * | |
| | * | **MAG.:** |
| **Defendant** | * | |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Ernest Breaux, who respectfully submits as follows:

## INTRODUCTION

1.   Plaintiff, Ernest Breaux ("Breaux" or "Plaintiff"), brings this action against Defendant, Reliance Standard Life Insurance Company ("Reliance" or "Defendant"), for benefits payable under a Group Life Policy ("Policy") sponsored by his employer, Laris Insurance Agency, L.L.C.

2.   The Policy includes Accidental Death and Dismemberment Insurance ("AD&D"), which provides benefits in case of accidental death or the accidental loss of a limb. In this lawsuit, Mr. Breaux seeks benefits payable under the Policy for the accidental loss of his foot in a below-the-knee amputation.

3.   Reliance pays benefits due under the Policy and has the task to review claims and

determine eligibility for benefits under the Policy. Therefore, it was operating under a structural conflict of interest.

4. This Complaint challenges the Defendant's: 1) unreasonable and unlawful denial of contractual AD&D Benefits despite the substantial evidence demonstrating Plaintiff's qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Plaintiff's eligibility for said benefits under the Policy; 3) failure to provide Plaintiff with a full and fair review of his claim; and 4) failure to provide a reasonable claims procedure that would yield a fair decision on the merits of Plaintiff's claim. Plaintiff asserts claims under the Employee Retirement Income Security Act ("ERISA") and Louisiana law.

## JURISDICTION AND VENUE

5. Plaintiff asserts jurisdiction in this Court under 29 U.S.C.A. § 1132(d)(1), which grants federal subject matter jurisdiction over this case without regard to diversity of citizenship or amount in controversy.

6. In the alternative, Plaintiff asserts federal diversity jurisdiction per 28 U.S.C. §1332(a), as the parties are citizens of different states and the amount in controversy is greater than $75,000.

7. Venue is proper in the Eastern District of Louisiana, as the Policy was administered in this district and a substantial part of the events, omissions, breaches, violations, and damages giving rise to Plaintiff's claims occurred in this district.

8. Plaintiff has standing to bring this action under ERISA and Louisiana law as a vested participant in his employer's group Basic Life and Accidental Death and Dismemberment Insurance Policy, Policy No. GL 154569.

9. Per Reliance's final denial letter of August 7, 2018, Plaintiff has exhausted all administrative remedies under the Policy. Per that same letter, the deadline to bring legal action to recover under the Policy is August 7, 2021.

## PARTIES

10. Plaintiff Ernest Breaux is a person of the full age of majority domiciled in Terrebonne Parish, Louisiana.

11. Upon information and belief, Defendant Reliance Standard Life Insurance Company is an Illinois Corporation with its principal place of business in Philadelphia, Pennsylvania.

## FACTUAL BACKGROUND

12. It is undisputed that Plaintiff was covered by the Policy at the time of his left leg below-the-knee amputation. It is undisputed that the Policy provides a lump sum payment for the loss of a foot. Defendant has alleged that payment of benefits is not owed due to an exclusion in the Policy that states a benefit will not be payable for a loss "to which sickness, disease, or myocardial infraction, including medical or surgical treatment thereof, is a contributing factor."

13. The accident that gave rise to this accident took place July 5, 2016. Mr. Breaux was attempting to get up from his desk in his home office, when he hit the outside of his right ankle on the bottom corner, gashing his left foot.

14. The wound did not heal, and Mr. Breaux sought treatment from Dr. Frederick Rau at Bayou Surgical Specialists in Houma in October 2016. Dr. Rau placed Unna boots on Mr. Breaux's right leg four different times in an attempt to get the wound to heal.

15. Mr. Breaux was admitted to Terrebonne General Medical Center for dehydration starting in November 2016. His doctors there noted that the wound had still not healed.

16. Mr. Breaux underwent extensive treatment to attempt to save the leg, including hyperbaric treatment at West Jefferson Medical Center in Marrero, Louisiana.

17. Ultimately treatment at West Jefferson Medical Center failed, and Mr. Breaux returned to Terrebonne General and had his left foot amputated by Dr. T. Christopher Berry. The pathology report showed wet and dry gangrene.

18. On the attending physician statement submitted to Reliance, Dr. Berry attributed the loss of the leg to the accident and stated: "infection with non-healing wound caused BKA right leg due to dead tissue."

## **THE POLICY**

19. It cannot be disputed that the loss of a foot is a covered loss under the Policy. The only dispute is whether an exclusion is applicable.

20. The burden is on Reliance to prove any exclusion applies.

21. The Policy does not grant Reliance discretionary authority to interpret the plan, its terms, or eligibility for benefits. Therefore, Plaintiff is entitled to *de novo* review of all legal and factual issues in this claim.

22. The Policy includes a "Conformity With State Laws" Provision on Page 3.1, which states: "Any section of this Policy, which on its effective date, conflicts with the laws of the state in which the Policy is issued, is amended by this provision. The Policy is amended to meet the minimum requirements of those laws." Therefore, all state law remedies are available to

Plaintiff, and any Louisiana statute that regulates insurance for the benefit of the insured govern the policy.

23. On Page 10.0 on the Policy, Accidental Death and Dismemberment Insurance, the Policy states: "The loss must be caused solely by an accident that occurs while the person is insured and must occur within 365 days of the accident." Therefore, the Policy contemplates a delay between accident and loss, or wound and amputation. It is impossible for this to happen unless some degree of infection is contemplated.

### THE COVERED LOSS AND THE ALLEGED EXCLUSION

24. Plaintiff injured his leg due to an accident and then lost the leg within 365 days of the accident. This is a covered loss under the Policy.

25. The relevant Policy exclusion states that a benefit will not be payable for a loss "to which sickness, disease, or myocardial infraction, including medical or surgical treatment thereof, is a contributing factor." In the denial letter of August 7, 2018, Reliance stated that while "while your reported accident could have been the root of the problem, such an incident was not the only factor involved…"

26. The federal law governing ERISA policies, as well as Louisiana state law, state that an exclusion such as that invoked by Reliance to refuse coverage is only enforceable if there is substantial evidence the other sickness or disease involved is a proximate cause, or at the least a substantial factor, in the loss.

27. In its denial, Reliance oscillates between blaming the loss on infection to blaming cardiovascular issues. There is no evidence in the administrative record that any medical issues referenced by Reliance pre-existed the accident.

28. An ERISA administrator must provide the claimant with the specific ground for denial of benefits. Reliance has attempted to uphold its adverse decision on multiple, ever-shifting grounds. Therefore, it has violated the procedural requirements found in 29 U.S.C. § 1133.

## SUMMARY

29. The Defendant failed to provide Plaintiff with a full and fair review of his claim for AD & D Benefits, including a fair and straight-forward statement or allegation of what specific other causes contributed to his amputation and what specific role those causes played.

30. The Defendant has no discretionary authority under the plan.

31. The Defendant was motivated by its financial conflict of interest when it denied Mr. Breaux's claim for benefits.

32. The decision to deny Mr. Breaux's benefit was wrongful, unreasonable, irrational, contrary to the terms of the Policy and contrary to law.

33. As a result of Reliance's failure to pay benefits, Mr. Breaux has suffered consequential damages, including exacerbation of his physical condition and emotional distress.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits under ERISA)

34. Reliance's actions constitute an unlawful denial of benefits under ERISA, as defined in 29 U.S.C. § 1132(a)(1)(B).

35. Reliance unlawfully denied Plaintiff's benefits in part by 1) rejecting the substantial evidence supporting Plaintiff's claim; and 2) denying Plaintiff a full and fair review of the decision to deny benefits.

36.     Plaintiff hereby brings this action for unpaid benefits per ERISA Section 502(2), 29 U.S.C. § 1132(a).

## SECOND CAUSE OF ACTION

(Attorneys' Fees and Costs Under ERISA)

37.     Under the standards applicable to ERISA, Plaintiff is entitled to recover "a reasonable attorneys' fee and costs of the action" herein pursuant to ERISA Section 502(g)(1).

38.     The Defendant has the ability to satisfy the award.

39.     The Defendant acted in bad faith in denying Plaintiff's benefits under the Policy.

40.     The award of attorneys' fees against the Defendant will deter the Defendant and similarly situated ERISA fiduciaries from undertaking the same actions in similar cases.

## THIRD CAUSE OF ACTION

(Penalties Under ERISA for Failure to Timely Provide Plan Documents After Written Request)

41.     Per ERISA Section 502(c)(1), the Defendant is liable for penalties for failure to provide plan documents, including the administrative file and the Policy, within 30 days of a written request by Plaintiff's attorney.

## FOURTH CAUSE OF ACTION

(Penalties and Attorneys' Fees Under Louisiana  La. R.S. § 22:1821 and Other Louisiana Revised Statutes)

42.     Per La. R.S. § 22:1821, health and accident insurers are liable for penalties of twice unpaid benefits and attorneys' fees for failure to timely pay a claim upon satisfactory proof.

Plaintiff makes a claim for statutory damages, penalties, and attorneys' fees per La. R.S. § 22:1821.

43.     Plaintiff asserts a cause of action for any statutory damages, penalties, and attorneys' fees available to him under the Louisiana Revised Statutes for failure to timely adjust a claim or timely pay benefits in addition to the cause of action described in La. R.S. § 22:1821.

44.     These causes of action are available to Plaintiff because of the "Conformity with State Law" Provision in the Policy and the fact that La R.S. § 22:1821 and Louisiana's other bad faith insurance statutes are regulations directed at the insurance industry and thus saved from ERISA preemption.

## FIFTH CAUSE OF ACTION

(Breach of Contract)

45.     Plaintiff makes a claim against Defendant for breach of contract under Louisiana law. The Policy is a contract and the Defendant breached it by failing to make payment of contractual benefits once proof of loss was provided. Plaintiff is entitled to unpaid benefits, consequential damages, and reasonable attorneys' fees for breach of contract.

## PRAYER FOR RELIEF

46.     WHEREFORE, the Plaintiff respectfully prays that the Court:

    a.     Declare, adjudge, and decree that Plaintiff is entitled to AD&D Benefits under the Policy for loss of a foot;

    b.     Award pre-suit. post-suit, and post-judgment interest as provided by law;

 c. Declare, adjudge, and decree that Defendant failed to follow the procedural requirements of 29 U.S.C. § 1133;

 d. Award the Plaintiff the costs of this action and reasonable attorneys' fees;

 e. Award the Plaintiff penalties for failure to timely provide plan documents after written request;

 f. Award the Plaintiff penalties, attorneys' fees, and all other available remedies under La. R.S. § 22:1821 and other applicable Louisiana Revised Statutes;

 g. Award the Plaintiff damages for breach of contract, including consequential damages and reasonable attorneys' fees;

 h. Award the Plaintiff all other general and equitable relief as the Court deems just and reasonable.

Respectfully Submitted:

THE PELLEGRIN FIRM, L.L.C

/s/David C. Pellegrin

David C. Pellegrin, T.A. (La. Bar #34957)
3500 North Hullen Street
Suite 17D
Metairie, LA 70002
Email: dpellegrin@pellegrinfirm.com
Phone: 504-405-3245
Fax: 1-866-651-8738

WAITZ AND DOWNER

/s/ Joseph L. Waitz, III
JOSEPH L. WAITZ, III (La. Bar #36069)
423 Goode Street
Houma, LA  70360

Phone: (985) 876-0870
Fax:     (985) 876-0213

*Attorneys for Petitioner*