UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERNEST BREAUX | CIVIL ACTION |
| VERSUS | NO. 19-11537 |
| RELIANCE STANDARD LIFE INSURANCE COMPANY | SECTION A "5" |

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 5)** filed by Defendant Reliance Standard Life Insurance Company ("Reliance") pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6). Plaintiff Ernest Breaux opposes the motion, (Rec. Doc 6), and Reliance replied. (Rec. Doc 9). The motion, set for submission on September 4, 2019, is before the Court on the briefs without oral argument.

### I.   BACKGROUND

This suit arises from Breaux alleging that Reliance wrongfully denied him Accidental Death and Dismemberment benefits under an insurance policy between Breaux's employer, Laris Insurance Agency, LLC, and Reliance. (Rec. Doc 6, p. 1, Breaux's Opposition). Breaux's injury occurred on July 5, 2016 when he gashed his left foot while getting up from his home office desk. (Rec. Doc 1, p. 3, Breaux's Complaint). The wound from this injury became infected and led to him having his left leg amputated. *Id.* However, Reliance claimed an exclusion applied and refused to pay benefits to Breaux. (Rec. Doc. 4, p. 1, Reliance's Answer). Importantly for this suit, the parties agree that Breaux's claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Rec. Doc 6, p. 1, Breaux's Opposition).

Reliance filed this partial Motion to Dismiss under FRCP 12(b)(6) for the following three claims made by Breaux: (1) his claim for penalties under ERISA § 502(c)(1) for failure to timely provide plan documents, (2) his claim for penalties and attorneys' fees under state law, and (3) his claim for breach of contract under state law.

## II. STANDARD OF REVIEW

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id.* at 667 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Twombly*, 550 U.S. at 555). Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id.* A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791–92 (5th Cir.1986). Lastly, the Court "will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts[.]" *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

### III.  DISCUSSION

### A. Claim One – Claim for Penalties under ERISA § 502(c)(1)

Reliance presents a simple three-step argument for why Breaux's claim for penalties under ERISA § 502(c)(1) must be dismissed. First, a litigant can only bring a claim under § 502(c)(1) against a Plan's "Administrator." (Rec. Doc 9, p. 2, Reliance's Response). Second, "the employer [under ERISA] is deemed to be the Administrator when there is no document specifying [some other entity.]" *Id*. Third, no documents specify Reliance as the Plan's Administrator. *Id*. Thus, Reliance concludes Breaux cannot bring a claim against it for penalties under § 502(c)(1). Furthermore, Reliance notes that Breaux has failed to satisfy his burden under Rule 12(b)(6) by saying, "[s]ince Plaintiff has not even alleged in the Complaint that Reliance Standard is the Plan Administrator, he has not plead sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Id*. (internal quotations omitted).

Breaux counters Reliance's points by arguing that a Rule 12(b)(6) Motion is premature on this issue because "there are no plan documents before the Court and no facts before the Court stating who the Plan [A]dministrator is in this case." (Rec. Doc 6, p. 4, Breaux's Opposition). More specifically, Breaux notes that for Rule 12(b)(6) motions, "courts are not to look beyond the pleadings. Defendant has not provided any documents that would support its claim that it is not the Plan administrator and even if it did, evaluating would be inappropriate in the context of a 12(b)(6) Motion to Dismiss." *Id*.

Here, the Court is persuaded by Breaux's reasoning and concludes dismissal of Breaux's § 502(c)(1) claim is premature. For instance, because the Plan documents were never filed into the record, the Court has no way of determining if Reliance was the Plan

Administrator under the parties' agreement. More particularly, the ERISA statute defines the term "Administrator" as:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
>
> (ii) if an administrator is not so designated, the plan sponsor;
>
> or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe. 29 U.S.C.A. § 1002(16)(A)(i)-(iii).

In other words, Breaux makes a "plausible claim for relief" in his Opposition by arguing that the Plan's documents may ultimately designate Reliance as the Plan's Administrator. Thus, the Court cannot dismiss Breaux's claim for penalties under § 502(c)(1) without having the Plan documents before it.[1]

### B. Claim Two – Claim for Penalties under La. R.S. § 22:1821

Next, Reliance asserts that Breaux's claims under Louisiana Revised Statute § 22:1821 should be dismissed because they are preempted by ERISA. More specifically, ERISA contains an explicit preemption clause, § 514(a), which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate* to any employee benefit plan[.]" 29 U.S.C. § 1144(a) (emphasis added). It is "well-established that the 'deliberately expansive' language of [Section 514(a)] . . . is a signal that it is to be construed extremely broadly." *Reliable Home Health Care, Inc. v. Union Cent. Ins. Co.*, 295 F.3d 505, 515 (5th Cir. 2002). This provision is purposefully expansive, and it is intended to "ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health, Inc., v. Davila*, 542 U.S. 200, 208 (2004). Thus, any state law cause of action that "duplicates,

---

[1] As an aside, the Court declines to determine whether Reliance can qualify as a *de facto* Plan Administrator. However, the Court does note that the Fifth Circuit has expressed its disapproval towards the *de facto* Plan Administrator doctrine. *See Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 878 F.3d 478, 486 (5th Cir. 2017) ("The Fifth Circuit has never adopted the de facto plan administrator theory.").

supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.*

To help with this analysis, the Fifth Circuit adopted a two-prong test for determining whether a state law claim is preempted by ERISA. *See Hubbard v. Blue Cross & Blue Shield Assoc.*, 42 F.3d 942, 945 (5th Cir.1995). Under this test, ERISA preempts a state law claim if: "(1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities-the employer, the plan and its fiduciaries." *Id.*

While the general rule is that ERISA preempts any state law which relates to an employee benefit plan, the ERISA "insurance savings clause" expressly exempts state laws that regulate insurance from preemption. *Tingle v. Pacific Mutual Insurance Company*, 996 F.2d 105, 107 (5th Cir.1993). However, Fifth Circuit precedent notes that, "the mere fact that a statute is part of a comprehensive state insurance code will not exempt it from preemption." *Aucoin v. RSW Holdings, L.L.C.*, 476 F.Supp.2d 608, 614 (M.D. La. 2007) (quoting *Tingle v. Pacific Mutual Insurance Co.*, 996 F.2d 105, 109 (5th Cir. 1993)). Accordingly, a state statute is only considered a law that regulates insurance under the saving clause if (1) "the state law [is] specifically directed toward entities engaged in insurance;" and (2) "the state law must substantially affect the risk pooling arrangement between the insurer and the insured." *Mayfield v. UNUM Life Ins. Co. of Am.*, 2016 WL 4261771, at *5 (E.D. La. Aug. 12, 2016) (quoting *Garcia v. Best Buy Stores, L.P.*, 416 Fed.Appx. 384, 386 (5th Cir. 2011)). To affect the risk-pooling arrangement, a "statute must alter the scope of permissible bargains between insurers and insureds and thus substantially affect the risk-pooling arrangements that insurers may offer." *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d at 277-78. Lastly, statutes that are remedial in nature that provide remedies "to which the insured may turn

when injured by the bad faith of the insurer," do not affect the bargain that an insurer makes with its insured, and therefore, do not affect the "risk" contracted for by the insurer. *Id.*

Here, Breaux claims he is entitled to penalties and attorneys' fees under La. R.S. § 22:1821. Breaux's state law claim clearly "relates to" an ERISA plan because this claim is specifically based on Reliance denying him Accidental Death and Dismemberment benefits. Further, courts have consistently held that § 22:1821 is remedial in nature such that it is not saved from preemption by the savings clause of 29 U.S.C. § 1144(b)(2)(A). *See, e.g., Trahan v. Metropolitan Life Insurance Co.*, 2016 WL 3443658, at *7 (W.D. La., 2016) (collecting cases and explaining that "[c]ourts consistently have recognized that ERISA preempts a claim for unpaid benefits, penalties, and fees under Louisiana Revised Statute § 22:657 (now § 22:1821)"); *Wright v. Louisiana Corrugated Products*, LLC, 59 F.Supp.3d 767, 776 (W.D. La.,2014) ("Courts consistently have recognized that ERISA preempts a claim for unpaid benefits, penalties, and fees under Louisiana Revised Statute § 22:657 (now § 22:1821)"). Thus, the Court finds here that Breaux's claim for penalties and attorneys' fees under La. R.S. § 22:1821 is preempted by ERISA.

### C. Claim Three – Claim for Breach of Contract

Similarly, Breaux's breach of contract claim is also preempted by ERISA. Because Breaux's breach of contract claim is a state law claim, the Court will apply the same two-prong framework mentioned above. First, both Reliance and Breaux agree that the Plan at issue here is an ERISA plan, so the test's first prong is satisfied. (Rec. Doc 6, p. 1, Breaux's Opposition). As to the second prong, the Fifth Circuit has specifically found that ERISA preempts claims for improper processing of claim benefits and claims for breach of contract because these two types of claims require interpretation and administration of an ERISA plan. *See Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 13 F.3d 172, 176 (5th Cir.1994) (holding that ERISA preempts state law claims for improper processing of claim benefits); *see also*

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987) (finding that ERISA preempts contract and tort claims alleging improper processing of ERISA benefits).

In an attempt to maneuver around this unfavorable case law, Breaux argues that he does not need to reference the Plan to make his claim because he "alleged a breach independent of the language of the plan." (Rec. Doc 6, p. 6, Breaux's Opposition). Thus, "[i]f in the present case Mr. Breaux can show that Defendant failed to pay benefits for some reason other than interpretation of the language of the plan, this claim may not be preempted." *Id.* However, the Court finds this argument meritless. For instance, in order to determine if Reliance improperly denied Breaux's benefits, the trier of fact must necessarily interpret the Plan in order to determine what benefits were due and whether or not those benefits were improperly denied. Therefore, the Court finds that Breaux's claim for breach of contract is preempted by ERISA and must be dismissed.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 5)** filed by Reliance pursuant to FRCP 12(b)(6) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as Reliance seeks dismissal of Breaux's claim for penalties and attorneys' fees under Louisiana Revised Statute § 22:1821. Further, the motion is also **GRANTED** insofar as Reliance seeks dismissal of Breaux's claim for breach of contract under state law. However, the motion is **DENIED** insofar as Reliance seeks dismissal of Breaux's claim for penalties under ERISA § 502(c)(1).

October 11, 2019

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE